UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2009 APR 14  A 11: 19

BY DEPUTY CLERK

EVAN A. COOPER

VERSUS

BRENT ALLAIN, IN HIS INDIVIDUAL
AND REPRESENTATIVE CAPACITY
AS SHERIFF OF IBERVILLE PARISH

CIVIL ACTION

NO. 08-702-JVP-SCR

## RULING ON MOTION TO DISMISS

This matter is before the court on a motion by defendant, Brent Allain, in his individual capacity and representative capacity as Sheriff of Iberville Parish, to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). Plaintiff has filed no opposition to the motion. Jurisdiction is alleged under 18 U.S.C. § 1331 and 42 U.S.C. § 1988. The matter is now submitted and there is no need for oral argument.

## FACTUAL BACKGROUND

Plaintiff filed this action in the United States District Court for the Middle District of Louisiana on October 29, 2008, asserting claims pursuant to: (1) 50 U.S.C. Appendix § 501; (2) 42 U.S.C. § 1983 (for alleged violations of his Fifth and Fourteenth Amendment Rights); and (3) LSA–R.S. 47:2222 and 2183.1.[1] According to the complaint, plaintiff, on June 8, 2005, purchased four immovable properties at

---

[1] Though LSA–R.S. 47:2222 and 2183.1 were repealed as of January 1, 2009, the statutes cited by plaintiff were in effect at the time of the alleged sales and redemptions. See Acts 2008, No. 819, § 2.

1

a tax sale held by the Iberville Parish Sheriff's Office and paid taxes owed on the properties for the 2004 calender year.  (Complaint, ¶¶ 6-7).

On July 19, 2005, two of the properties were redeemed by a tax debtor, and a third was redeemed on November, 2, 2005.  Then, on January 2, 2006, plaintiff reported for duty with the U.S. Navy and was deployed overseas.  He was redeployed to the United States on April 18, 2006 and remained on active duty in Virginia and California until about April 18, 2007.  During that deployment, on October 18, 2006, the fourth property was redeemed by a tax debtor.  (Complaint, ¶¶ 8-10).

Though the dates cited in the complaint indicate that only the fourth redemption occurred during his deployment, plaintiff contends that the redemptions violated the Servicemembers Civil Relief Act, 50 App. U.S.C. § 501, because they took place while he was away on active duty.[2]  Plaintiff also maintains that the redemptions deprived him of property in violation of the Fifth and Fourteenth Amendments to the United States Constitution because the defendant allegedly failed to properly collect all taxes, interest, and costs on the properties as required by Louisiana law.  (Complaint, ¶¶ 11-12, 14).

On February 13, 2009, defendant filed the current motion to dismiss. Defendant maintains that, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal

---

[2]Plaintiff also contends that the redemptions failed to satisfy the requirements of LSA–R.S. 47:2222 and 2183.1 (complaint, ¶¶ 12-13).  To determine whether this court has federal question jurisdiction over the action, however, only the federal claims need to be addressed.

a tax sale held by the Iberville Parish Sheriff's Office and paid taxes owed on the properties for the 2004 calender year.  (Complaint, ¶¶ 6-7).

On July 19, 2005, two of the properties were redeemed by a tax debtor, and a third was redeemed on November, 2, 2005.  Then, on January 2, 2006, plaintiff reported for duty with the U.S. Navy and was deployed overseas.  He was redeployed to the United States on April 18, 2006 and remained on active duty in Virginia and California until about April 18, 2007.  During that deployment, on October 18, 2006, the fourth property was redeemed by a tax debtor.  (Complaint, ¶¶ 8-10).

Though the dates cited in the complaint indicate that only the fourth redemption occurred during his deployment, plaintiff contends that the redemptions violated the Servicemembers Civil Relief Act, 50 App. U.S.C. § 501, because they took place while he was away on active duty.[2]  Plaintiff also maintains that the redemptions deprived him of property in violation of the Fifth and Fourteenth Amendments to the United States Constitution because the defendant allegedly failed to properly collect all taxes, interest, and costs on the properties as required by Louisiana law.  (Complaint, ¶¶ 11-12, 14).

On February 13, 2009, defendant filed the current motion to dismiss. Defendant maintains that, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal

---

[2]Plaintiff also contends that the redemptions failed to satisfy the requirements of LSA–R.S. 47:2222 and 2183.1 (complaint, ¶¶ 12-13).  To determine whether this court has federal question jurisdiction over the action, however, only the federal claims need to be addressed.

Rules of Civil Procedure, the federal claims should be dismissed for failure to state a claim and the remaining state claims should be remanded to the Eighteenth Judicial District Court for the Parish of Iberville pursuant to 18 U.S.C. § 1447 (doc. 8).[3]

## LAW AND DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). A district court's federal question jurisdiction is limited to civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "A case is properly dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010, (5th Cir. 1998). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

For purposes of jurisdiction, a court looks only to the properly pleaded complaint or petition. *Aquafaith Shipping, Ltd. V. Jarillas*, 963 F.2d 806, 808 (5th Cir. 1992). "An action arises under the laws of the United States if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the

---

[3] 28 U.S.C. § 1447 provides only for the remand of cases removed from state courts. Because this action was not removed, Section 1447 is not applicable.

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Hall v. City of Alexandria*, 111 F.Supp.2d 785, 786-87, (W.D.La. 2000) (quoting *Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1,12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).

Art. VII, Section 25 of the Louisiana Constitution of 1974 provides in pertinent part that property sold at a tax sale in Louisiana "shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption." La. Const. Art. VII, § 25(B). Thus, plaintiff's rights, with regard to the properties he bought at the tax sale, were subject to the owners' rights of redemption within the period specified by law.[4]

**Claims under the Servicemembers Civil Relief Act**

Though 50 App. U.S.C. § 561 provides that a servicemember's real property may generally not be sold during his military service in order to enforce the collection of a tax or assessment, plaintiff does not allege such a sale of his property. Instead, he asserts that the redemptions were invalid because they failed to satisfy requirements set forth by the Servicemembers Civil Relief Act. The court has not found, and plaintiff has not directed the court to, any provision in the act that sets

---

[4]Moreover, when plaintiff purchased the property at the tax sale, Louisiana law provided that the seller of such property "shall sell the property to the purchaser, with the right to be placed in actual possession thereof, by order of a court of competent jurisdiction, and shall conclude the deed with the statement that the property shall be redeemable at any time for the space of three years beginning on the day when the deed is filed for record in the conveyance office in the parish in which the property is situated." LSA–R.S. 47:2183 (repealed January 1, 2009).

forth requirements which debtor-owners must follow to redeem their property, or that support his claim for relief.[5] Accordingly, the court concludes that plaintiff has failed to state a claim upon which relief may be granted pursuant to the Servicemembers Civil Relief Act.

**Claims under the 42 U.S.C § 1983**

Plaintiff's assertion that the redemptions deprived him of property in violation of the Fifth and Fourteenth Amendments to the United States Constitution is also without merit. The Takings Clause of the Fifth Amendment, made applicable to the States through the Fourteenth Amendment, *Chicago, B. & A.R. Co. v. Chicago*, 166 U.S. 226, 17 S.Ct. 581,84, 41 L.Ed 979 (1897), provides that "private property" shall not "be taken for public use without just compensation." *Urban Developers LLC v. City of Jackson, Miss.*, 468 F.3d 281 (5th Cir. 2006). "The Fifth Amendment's guarantee that private property shall not be taken for a public use without just compensation was designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Armstrong v. United States*, 364 U.S. 40, 49, 80 S.Ct. 1563, 4 L.Ed.2d 1554 (1960).

---

[5]Plaintiff merely cites 50 App. U.S.C. § 501, which provides only that the act may be cited as the "Servicemembers Civil Relief Act." 50 App. U.S.C. § 526 addresses redemptions of real property, but has no application under the facts alleged. It merely states that "[a] period of military service may not be included in computing any period provided by law for the redemption of real property sold or forfeited to enforce an obligation, tax, or assessment." 50 App. U.S.C. § 526(b).

Under the facts alleged, plaintiff was not forced to "bear public burdens which, in all fairness and justice, should be borne by the public as a whole." Moreover, according to the complaint, the property at issue was not taken by any government entity, but was redeemed by the debtor-owners. It was therefore, not taken for any public use as is required to establish a Section 1983 claim under the Takings Clause. Accordingly, the court concludes that plaintiff has failed to state a claim upon which relief can be granted under the 42 U.S.C. §1983.

Plaintiff's only remaining claims arise under Louisiana law and plaintiff has not alleged diversity jurisdiction. The court therefore concludes that plaintiff has failed to carry his burden of establishing that this court has subject matter jurisdiction over the action.

## CONCLUSION

Accordingly, the motion by defendant, Brent Allain, in his individual capacity and representative capacity as Sheriff of Iberville Parish, to dismiss pursuant to Rules 12(b)(1) is hereby **GRANTED**, and the action shall be dismissed without prejudice.

Baton Rouge, Louisiana, April 14, 2009.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA